UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYO E DARAMOLA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ORACLE AMERICA, INC. et al.,<br><br>　　　　　Defendants. | Case No.  19-cv-07910-JD<br><br>**ORDER RE MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 37, 50, 55 |

　　　　In a first amended complaint against defendants Oracle America, Inc., Patrick Merell, Mita Patniak, James Bork, Dionis Gauvin, Douglas Harris, and Douglas Riseberg, plaintiff Tayo Daramola alleges claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act, securities-related whistleblower statutes, and California labor law relating to his employment and discharge from Oracle.  Dkt. No. 17.

　　　　Several defendants have moved to dismiss for failure to state a claim, which other defendants joined.  Dkt. Nos. 37, 50, 56.  Oracle, Harris, and Merell say that Daramola worked for Oracle's Canadian subsidiary, and his employment agreement is subject to Canadian law.  Dkt. No. 37 at 2-4.  These defendants contend that all of Daramola's claims should be dismissed because the laws at issue do not apply extraterritorially.  *Id.* at 5-9.  They also argue that Daramola failed to plead facts sufficient to establish a RICO claim.  *Id.* at 9-15.

　　　　Some of the individual defendants have also moved to dismiss for lack of personal jurisdiction.  Dkt. Nos. 50, 55.  Defendants Bork, Patniak, Gauvin, and Riseberg each say that they are not citizens or residents of California, and did not have any claims-related contacts with California.  Dkt. No. 50 at 1; Dkt. No. 55 at 1-2.

　　　　The existence *vel non* of personal jurisdiction is a threshold matter that must be resolved before turning to the merits of Daramola's claims.  *Sinochem Int'l Co. v. Malaysia Int'l Shipping*

*Corp.*, 549 U.S. 422, 430-31 (2007).  Extraterritoriality is also a merits question that should be addressed after resolving questions of jurisdiction.  *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 968 (9th Cir. 2016) (discussing *Morrison v. Nat'l Aust. Bank, Ltd.*, 561 U.S. 247, 253-54 (2010)).  Consequently, this order resolves the personal jurisdiction motions.  The Rule 12(b)(6) motion is terminated without prejudice pending further developments in the case.

The governing standards for defendants' personal jurisdiction motions are straightforward.  *See Erickson v. Nebraska Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *2 (N.D. Cal. July 6, 2015).  "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper."  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  If the court does not require an evidentiary hearing, a plaintiff need only make a prima facie showing of personal jurisdiction.  *Id.*  Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Boschetto*, 539 F.3d at 1015.  On the other hand, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation omitted).

Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which it sits.  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  California's long-arm statute, Cal. Code Civ. Proc. § 410.10, is coextensive with the limits of the Constitution's due process clause, so the Court need only ensure that that clause permits its jurisdiction.  *Schwarzenegger*, 374 F.3d at 800-01.  For the RICO claim, 18 U.S.C. § 1965(b) provides an additional basis for personal jurisdiction where the Court has personal jurisdiction over at least one participant in an alleged RICO conspiracy and there is no other court that will have jurisdiction over all the alleged co-conspirators.  *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

Personal jurisdiction comes in two varieties, general and specific.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).  While Daramola suggests

that both general and specific jurisdiction are present, *see* Dkt. No. 53 at 14-17; Dkt. No. 57 at 9-10, general jurisdiction over an individual defendant typically exists only in a defendant's domicile. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Bork, Patniak, Gauvin, and Riseberg are not domiciled in California, and so general jurisdiction does not apply to them.

Consequently, Daramola must show that the Court has specific personal jurisdiction over non-resident individual defendants. To be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Of the two tests stated in the first prong, purposeful direction is the one generally used in tort cases, like this one. *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc). To establish purposeful direction, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (internal quotation marks omitted).

The parties have filed a number of dueling briefs and declarations contesting the facts relating to specific jurisdiction. *See, e.g.*, Dkt. Nos. 50, 53, 55, 57, 61 (briefs); Dkt. Nos. 50-1, 52, 55-1 to 55-3, 58 (declarations). In light of these disputes, "a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020 (internal quotation omitted).

As the Supreme Court has held, "for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear*, 564 U.S. at 919); *see also Walden v. Fiore*, 571 U.S. 277, 283-84 and n.6 (2014). Daramola needs to demonstrate that his claims arise out of defendants' contacts with this forum on a per-defendant basis. *Bristol-Myers*

3

*Squibb*, 137 S. Ct. at 1780-81.  Because these facts are usually in the possession of defendants (or Oracle), with no easy way for Daramola to uncover them, he will be permitted to serve discovery requests on defendants and third parties that go solely to the jurisdictional issues discussed in this order.  The Court emphasizes that the discovery should be targeted to evidence meeting the requirements for specific personal jurisdiction as discussed here.  The discovery must be completed by **January 15, 2021.**

After the limited discovery is completed, Daramola may file an amended complaint alleging all facts establishing specific jurisdiction over each individual defendant.  The amended complaint must be filed by **January 31, 2021.**  Defendants may respond with a single renewed motion to dismiss for lack of personal jurisdiction as appropriate.

Defendants' motion to dismiss for failure to state a claim, Dkt. No. 37, is terminated without prejudice subject to resubmission if the case goes forward after resolution of the personal jurisdiction issue.  The case is stayed in all respects other than the jurisdictional discovery and the filing of an amended complaint and response.

**IT IS SO ORDERED.**

Dated: September 16, 2020

JAMES DONATO
United States District Judge