UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYO E DARAMOLA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ORACLE AMERICA, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07910-JD<br><br>**SECOND ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 68 |

　　　　The parties' familiarity with the record is assumed, and the Court incorporates the jurisdiction standards discussed in the first dismissal order, Dkt. No. 66. The renewed motion to dismiss defendants Patnaik, Gauvin, Bork, and Riseberg for lack of personal jurisdiction, Dkt. No. 68, is granted without prejudice.

　　　　Plaintiff Daramola has not plausibly demonstrated that his claims arise out of conduct by these individuals in this District. At all pertinent times, Daramola resided and worked in Canada, each of the individuals resided and worked outside of California, and the key events involved customer accounts located outside of California. Daramola has not shown that his alleged injuries arose in any way out of the individuals' conduct in California. On these undisputed facts, specific personal jurisdiction cannot be exercised over Patnaik, Gauvin, Bork and Riseberg. *See* Dkt. No. 66 at 3-4 (and cases cited therein).

　　　　Daramola has not presented any facts to disturb the Court's conclusion that these individuals lack sufficiently pervasive contacts with California for general jurisdiction. Daramola is not a party to the agreements between the individuals and Oracle, which relate to their terms of employment and are entirely irrelevant to his claims. Any consent in those unrelated agreements to jurisdiction in California does not create consent to jurisdiction vis-à-vis Daramola. *See Dow*

*Chem. Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005). The individuals' use of Oracle servers and online resources in California incidental to their jobs is not enough to demonstrate a degree of "continuous and systematic" contacts with California that "approximate physical presence," which general jurisdiction demands. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (internal quotations and citations omitted); *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1225 (9th Cir. 2011); *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991).

The dismissal of the individuals is without prejudice, and Daramola may seek leave to amend the complaint to add them as defendants if warranted by further discovery. Daramola is advised that his opposition brief exceeded the page limits in the Court's standing order. The Court accepted the oversize brief on this one occasion, but will summarily strike non-conforming filings going forward, with attendant consequences.

**IT IS SO ORDERED.**

Dated: September 2, 2021

JAMES DONATO
United States District Judge

2