MARINA C. GRUBER, BAR NO. 271542
marina.gruber@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 PAGE MILL ROAD
PALO ALTO, CA  94304-1124
TEL:   +1.650.843.4000
FAX:   +1.650.843.4001

SARAH E. BOUCHARD (PRO HAC VICE)
sarah.bouchard@morganlewis.com
ERIC C. KIM (PRO HAC VICE)
eric.kim@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 MARKET STREET
PHILADELPHIA, PA 19103
TEL:   +1.215.963.5000
FAX:   +1.215.963.5001

Attorneys for Defendants
ORACLE AMERICA, INC., DOUGLAS HARRIS,
and PATRICK MERELL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TAYO DARAMOLA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ORACLE AMERICA, INC., a Delaware Corporation on its own behalf and through its wholly owned subsidiaries NetSuite Inc., and Oracle Canada,<br><br>　　　　　　　Defendant.<br><br>and<br>PATRICK MERELL, DOUGLAS HARRIS, and JOHN/JANE DOES,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-07910-JD<br><br>**REPLY MEMORANDUM OF DEFENDANTS ORACLE AMERICA, INC., DOUGLAS HARRIS, AND PATRICK MERELL IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**F.R.C.P. 12(b)(6)**<br><br>**DATE:**　October 28, 2021<br>**TIME:**　10:00 a.m.<br>**JUDGE:**　Honorable James Donato<br>**COURTROOM:** 11 |

Case No. 3:19-cv-07910-JD

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
PHILADELPHIA

ORACLE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. II
II. ARGUMENT ........................................................................................................................ 2
    A. This Court Should Dismiss The SAC Because Plaintiff's Admissions Demonstrate That His Claims Are Extraterritorial. ................................................... 2
        1. Plaintiff's allegations do not establish that his SOX and Dodd-Frank retaliation claims are domestic. ........................................................ 3
        2. Plaintiff's allegations do not establish the contacts with California required for his CLC and UCL claims. ........................................................ 5
        3. Plaintiff's allegations do not establish that he suffered a domestic injury as required by the Supreme Court for his RICO claims. ................... 7
    B. Plaintiff Has Failed to Allege Facts That Establish a RICO Cause of Action ........ 8
        1. Plaintiff lacks standing to assert RICO claims because his alleged injury was not caused by the alleged predicate acts. .................................... 8
        2. Plaintiff has failed to allege a plausible RICO claim predicated on a pattern of witness tampering under 18 U.S.C. § 1512(b)(3). ....................... 9
        3. Plaintiff's RICO conspiracy claim under § 1962(d) should be dismissed because he has failed to plead a viable RICO claim under § 1964(c). .................................................................................................... 10
    C. Discovery Is Not Necessary And The SAC Should Be Dismissed With Prejudice Because Plaintiff Does Not Allege Plausible Claims. .......................... 10
III. CONCLUSION .................................................................................................................. 10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
PHILADELPHIA

Case No. 3:19-cv-07910-JD

i

ORACLE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anza v. Ideal Steel Supply Corp.*,
547 U.S. 451 (2006) ............................................................................................................... 9

*Armada (Singapore) PTE Ltd. v. Amcol Int'l Corp.*,
885 F.3d 1090 (7th Cir. 2018) ............................................................................................ 7, 8

*Beck v. Prupis*,
529 U.S. 494 (2000) ............................................................................................................. 10

*Blanchard v. Exelis Systems Corporation*,
2017 WL 3953474 (ARB Aug. 29, 2017 ............................................................................... 3

*Cousins v. Hastings Mfg. Co.*,
No. 11-1196, 2012 WL 6690398 (W.D. Mich. Dec. 21, 2012) ............................................. 5

*Garvey v. Morgan Stanley*,
ARB Case No. 2020-0034, 2021 WL 3487408 (ARB July 19, 2021) ................................ 3, 4

*Perez v. Citigroup, Inc.*,
ARB Case No. 2017-0031, 2019 WL 5089594 (ARB Sept. 30, 2019) ........................... 3, 4, 5

*Qureshi v. Countrywide Home Loans, Inc.*,
No. 09–4198, 2010 WL 841669 (N.D. Cal. Mar. 10, 2010) .............................................. 9, 10

*Reddy v. Litton Indus., Inc.*,
912 F.2d 291 (9th Cir. 1990) ............................................................................................. 1, 9

*Schneider v. Cal. Dep't of Corr.*,
151 F.3d 1194 (9th Cir. 1998) ............................................................................................... 2

*SEC v. Scoville*,
913 F.3d 1204 (10th Cir. 2019) ............................................................................................. 3

*Sportscare of America, P.C. v. Multiplan, Inc.*,
No. 10–4414, 2011 WL 589955 (D.N.J. Feb. 10, 2011) ........................................................ 9

*Weinberg v. Valeant Pharm. Int'l*,
2017 WL 6543822 (C.D. Cal. Aug. 10, 2017) ................................................................... 6, 7

*WesternGeco LLC v. ION Geophysical Corp.*,
138 S. Ct. 2129 (2018) ........................................................................................................... 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
PHILADELPHIA

Case No. 3:19-cv-07910-JD

ii

ORACLE DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT

# TABLE OF AUTHORITIES
(continued)

**Page**

**Statutes**

18 U.S.C. § 1512(b)(3) ............................................................................................................. 8, 9

CLC § 1102.5 ................................................................................................................................ 6

RICO § 1962(c) ........................................................................................................................ 1, 9

RICO § 1962(d) .......................................................................................................................... 10

RICO § 1964(c) ..................................................................................................................... 7, 10

SOX § 806 ................................................................................................................................ 4, 5

UCL § 17200 ................................................................................................................................. 6

**Other Authorities**

29 C.F.R. § 825.105(b) ................................................................................................................. 5

29 C.F.R. § 825.111 ...................................................................................................................... 5

29 C.F.R. § 825.111(a)(2) ............................................................................................................ 5

Rule 12(b)(6) ......................................................................................................................... 2, 10

Rule 12(c) ................................................................................................................................... 10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
PHILADELPHIA

Case No. 3:19-cv-07910-JD

iii

ORACLE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

## I. INTRODUCTION

Defendants'[1] Opening Brief established that the Second Amended Complaint ("SAC") should be dismissed because (1) Plaintiff was a Canadian employee working for a Canadian company in Canada, and (2) Plaintiff cannot plead a plausible civil RICO claim. In response, Plaintiff's Opposition relies heavily on another self-serving declaration filled with new, irrelevant allegations, such as allegations of instances when he was purportedly directed by his supervisors to travel to the U.S. but did not actually do so, or when he was in the U.S. "while on paid time off." Plaintiff's Opposition also cites to case law that has been overruled and federal regulations concerning the definition of a "worksite" under the Family Medical Leave Act (which has no bearing on this case). But amongst the bevy of misleading statements and salacious accusations made to distract the Court, Plaintiff concedes that he was a Canadian resident, he was employed by a Canadian company, he worked in Canada, his operative employment agreement was governed by Canadian law, he never stepped foot in the U.S. at any relevant time, and he has already pursued claims against Oracle Canada under Canadian labor laws. Thus, no additional discovery is necessary and the case should be dismissed.

Plaintiff's RICO claims fail for additional reasons. First, Plaintiff's Opposition fails to address the well-established law holding that "an employee who is wrongfully discharged for [allegedly] refusing to participate in an alleged pattern of racketeering activity lacks standing to sue under § 1962(c) [of RICO]." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 294 (9th Cir. 1990). As noted in the Opening Brief, Plaintiff's RICO claim is almost exactly like the RICO claim dismissed by the Ninth Circuit in *Reddy*, except Oracle Canada did not terminate Plaintiff's employment like the employer in *Reddy* – Plaintiff here resigned to "tackle other challenges." Moreover, Plaintiff also fails to demonstrate that he plausibly pled any RICO claim based on witness tampering. And because Plaintiff's underlying RICO claims should be dismissed, his RICO conspiracy claim fails as well.

For these reasons, which are discussed here and in the Opening Brief, Defendants

---

[1] All capitalized and abbreviated terms defined in Defendants' Opening Brief have the same meaning herein.

Case No. 3:19-cv-07910-JD

1

ORACLE DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
PHILADELPHIA

respectfully request that the Court dismiss the SAC in its entirety with prejudice.

## II.     ARGUMENT

### A.     This Court Should Dismiss The SAC Because Plaintiff's Admissions Demonstrate That His Claims Are Extraterritorial.

This Court should dismiss Plaintiff's claims under SOX, Dodd-Frank, RICO, CLC, and UCL because Plaintiff admits or does not dispute the following facts:

- Plaintiff has been a resident of Canada at all relevant times. SAC, ¶ 4; First Declaration of Plaintiff Tayo Daramola ("1st Daramola Decl."), Dkt. 45 at ¶ 5.

- Plaintiff was employed by a Canadian company to work out of an office in Canada. SAC, ¶ 5; 1st Daramola Decl., ¶¶ 12, 14, 16, 30.

- Plaintiff signed an employment agreement with Oracle Canada that is subject to Canadian law. 1st Daramola Decl., ¶¶ 14, 40; Bouchard Decl., Dkt. 37-1 at Ex. 2.

- The alleged adverse employment action (*i.e.*, alleged constructive discharge) occurred in Canada and Plaintiff submitted his resignation letter to Oracle Canada. SAC ¶ 279; 1st Daramola Decl., ¶¶ 43, 44.

- Plaintiff never traveled to the U.S. during any relevant time. 1st Daramola Decl., Exs. A and B (showing that he only traveled to the U.S. to work on a project for "Spotify," which is not one of the campus bookstore customers at issue in the SAC); Third Declaration of Tayo Daramola, Dkt. 78 ("3rd Daramola Decl."), ¶ 4 (showing days he allegedly traveled to the U.S., which confirm he was not in the U.S. for any campus bookstore customer).

- Plaintiff sought legal advice in Canada and pursued a wage and hour claim against Oracle Canada under Canadian law. SAC ¶¶ 235, 236; Bouchard Decl., Ex. 4.

To distract the Court from these key admissions, Plaintiff improperly raises several new allegations in his declaration that are irrelevant and do not establish that his claims are domestic.[2]  Moreover, Plaintiff's Opposition ignores or misrepresents the case law cited in Defendants' Opening Brief, and the cases he cites in turn are inapposite.

///

///

---

[2] Courts routinely decline to consider such new allegations raised in a plaintiff's opposition to a motion to dismiss. *See, e.g.*, *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Thus, Plaintiff's declaration should likewise be disregarded, especially considering that he has now had two opportunities to amend his complaint but still failed to assert these new allegations.

Case No. 3:19-cv-07910-JD

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2                 ORACLE DEFENDANTS' REPLY IN SUPPORT
                  OF MOTION TO DISMISS THE COMPLAINT

### 1. Plaintiff's allegations do not establish that his SOX and Dodd-Frank retaliation claims are domestic.

Defendants established in their Opening Brief that Plaintiff's claims under SOX and Dodd-Frank should be dismissed because the anti-retaliation provisions of those statutes do not have any extraterritorial effect, and it is clear from his admissions that Plaintiff is bringing extraterritorial claims. Defendants' Opening Brief, Dkt. 76 ("Defs' Br.") at 5-8. Moreover, Defendants established that to determine whether a SOX or Dodd-Frank claim is extraterritorial or domestic, various courts and the ARB have held that the key focus should be on the employee's "permanent or principal workplace." Defs' Br. at 5-6 (quoting *Perez v. Citigroup, Inc.*, ARB Case No. 2017-0031, 2019 WL 5089594, at *3 (ARB Sept. 30, 2019)).

Plaintiff claims that the anti-retaliation provisions of SOX and Dodd-Frank apply extraterritorially by citing *Blanchard v. Exelis Systems Corporation*, 2017 WL 3953474 (ARB Aug. 29, 2017) and *SEC v. Scoville*, 913 F.3d 1204 (10th Cir. 2019). That is a misstatement of law. *Blanchard* has been overturned by the ARB in *Hu*, *Perez*, and *Garvey*.[3] *See Hu*, 2019 WL 4917100, at *4, n.9 (finding that "*Blanchard*'s discussion of extraterritoriality failed to appreciate the significance of [the Supreme Court case] *Morrison*"). Plaintiff's reliance on *SEC v. Scoville*, 913 F.3d 1204 (10th Cir. 2019) is also misguided because that case concerned the extraterritorial application of the Securities Exchange Act, and the opinion had no discussion of Dodd-Frank or SOX's anti-retaliation provisions, which protect U.S. employees of U.S. employers. *See also WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129 (2018) (cited by Plaintiff) (analyzing the Patent Act, not SOX or Dodd-Frank). Moreover, Plaintiff's references to the extraterritorial application of "antifraud" laws referenced in *Scoville* is a red herring because Plaintiff is not bringing a fraud claim against Defendants, nor is he alleging that he is a victim of fraud. He is bringing a retaliation claim based on his purported constructive discharge while he was employed in Canada. Thus, the anti-retaliation provisions of SOX and Dodd-Frank concern *employment* actions and, therefore, do not apply extraterritorially. Defs' Br. at 6-8.

---

[3] The ARB's *most recent* interpretation limiting the extraterritorial application of SOX's anti-retaliation provision should be given *Chevron* deference; a point Plaintiff does not dispute.

1        Plaintiff next asserts that his claims do not involve an extraterritorial application of SOX
2   or Dodd-Frank because (1) he allegedly reported fraud occurring in the U.S., (2) he performed
3   work for U.S. managers and customers, and (3) the employment decisions that allegedly forced
4   him to resign came from the U.S.  Pl's Br. at 6-7.  These U.S. "connections" Plaintiff alleges are
5   irrelevant under the holdings in *Hu*, *Perez*, *Garvey*, and the other cases cited by Defendants.  The
6   prevailing case law provides that the anti-retaliation provisions of SOX and Dodd-Frank are
7   *employment* statutes that are meant to protect *U.S. employees*.  Therefore, the relevant
8   connections must address or involve the Plaintiff's principal workplace.  *See, e.g., Garvey v.*
9   *Morgan Stanley*, ARB Case No. 2020-0034, 2021 WL 3487408, *2-3 (ARB July 19, 2021)
10  (holding that because § 806 of SOX is an employment statute meant to protect U.S. employees,
11  factors besides principal place of employment are "irrelevant").
12       Notably, Plaintiff makes no attempt to distinguish the most recent decision Defendants
13  cited in their Opening Brief, *Garvey v. Morgan Stanley*.  Defs' Br. 7-8.  As Defendants noted, the
14  facts in *Garvey* are remarkably similar to Plaintiff's allegations here, and the ARB dismissed the
15  SOX claim for being extraterritorial. *Garvey*, 2021 WL 3487408, *2-3 (noting how, like Plaintiff
16  here, complainant alleged that he had daily interactions with supervisors in the U.S., he traveled
17  to the U.S. to assist the investigation into his allegations of misconduct, and he alleged
18  misconduct affecting U.S. investors and shareholders, but holding that the SOX claim is still
19  dismissed because his principal place of employment was outside the U.S.).
20       Plaintiff's attempts to distinguish the other cases cited by Defendants fall short.  For
21  example, Plaintiff asserts that the *Hu, Perez,* and *Ullrich* cases are not applicable because,
22  apparently unlike the claimants in those cases, Plaintiff is alleging misconduct occurring in the
23  U.S.  Pl's Br. at n.2.  That misrepresents the facts in those cases.  *See Hu*, 2019 WL 5089597 at
24  *1 (noting that "Hu alleged that PTC, ***USA***, engaged in misconduct and falsification of records"
25  but still dismissing the SOX claim because Hu was principally employed outside of the U.S.
26  (emphasis added)); *Perez*, 2019 WL 5089594, at *1 (holding that even though "the alleged
27  fraudulent misconduct Complainant reported involved an account located in the U.S., this fact did
28  not confer jurisdiction or authorize application of Section 806 of SOX to Complainant's case");

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 3:19-cv-07910-JD

4

ORACLE DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT

*Ulrich*, 2014 WL 4977562, at *8 ("Plaintiff's claim that 'managers in New York orchestrated the retaliation' against him is not enough" to make the SOX claim domestic). Moreover, similar to Plaintiff, the complainant in *Hu* alleged a connection to the U.S. because he worked "through a global internet sales platform," operated by the U.S. parent company. *Hu*, 2019 WL 4917100, at *1. The ARB found such allegations insufficient to establish a SOX claim because the principal place where the complainants physically worked was outside of the U.S. *Id.* at *4.[4]

Unable to find relevant case law to support his claims, Plaintiff next refers to 29 C.F.R. § 825.111(a)(2) to assert that "[a] project manager's 'worksite' is where he is 'assigned' for his project, or from where his work is assigned." Pl's Br. at 8. Plaintiff acknowledges this regulation concerns the Family Medical Leave Act, and thus, it has no relevance to this case. However, Plaintiff fails to mention that courts have declined to find that 29 C.F.R. § 825.111(a)(2) allows foreign employees (like Plaintiff) to claim that their "worksite" is in the U.S. because they are assigned to perform work in the U.S. virtually or because they are assigned work from the U.S. *See, e.g.*, *Cousins v. Hastings Mfg. Co.*, No. 11-1196, 2012 WL 6690398, at *4 (W.D. Mich. Dec. 21, 2012) (dismissing FMLA claim because it did not apply extraterritorially to an employee working in China, even if the employee's work came from or concerned matters in the U.S., and holding that "[plaintiff's] reliance on 29 C.F.R. § 825.111 is misplaced. . . . [because] [t]his regulation does not purport to displace or override the extraterritoriality exception" under 29 C.F.R. § 825.105(b), which explicitly states that the FMLA only covers individuals employed in the U.S. or its territories).[5] Simply put, Plaintiff's new allegations and case law fail to show that his SOX and Dodd-Frank claims are domestic, and those claims should be dismissed.

### 2.     Plaintiff's allegations do not establish the contacts with California required for his CLC and UCL claims.

---

[4] Plaintiff's attempt to distinguish the *Asadi* holding cited by Defendants is also without merit. Defs' Br. at 5 (citing *Asadi*, 2012 WL 2522599). The plaintiff in *Asadi* alleged even more of a domestic connection to the U.S. than Plaintiff here. Specifically, in *Asadi*, the plaintiff alleged that he was a U.S. citizen who signed an employment contract with a U.S. company to temporarily relocate to Jordan, and his termination email referenced U.S. laws and referred to him as a "U.S.-based employee." 2012 WL 2522599, at *1-2. The district court still dismissed the Dodd-Frank and SOX claims as extraterritorial. *Id.* at *1-7.

[5] The *Conners* and *Schultz* opinions Plaintiff cites are also irrelevant because none of them dealt with employees working abroad.

Case No. 3:19-cv-07910-JD

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

ORACLE DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT

Defendants also established in their Opening Brief that Plaintiff's constructive discharge claims under CLC § 1102.5 and UCL § 17200 should be dismissed because the California laws invoked do not apply extraterritorially to foreign employees like Plaintiff, who had no direct or indirect contacts with California. This Court has already recognized that "[t]he key events involved customer accounts located outside California." Dkt. 74. Nevertheless, Plaintiff claims to have the requisite contacts with California because (1) Oracle's headquarters are in California, so some of the decisions impacting his employment came from here, and (2) he used Oracle's intranet which has a server in California (Pl's Br. at 12-13). These allegations are insufficient.

First, as noted in Defendants' Opening Brief, it is beyond dispute that adverse actions purportedly resulting in Plaintiff's constructive discharge occurred while he was in Canada. Plaintiff also does not and cannot allege that the purported decision to retaliate against him for submitting his internal complaint was made in California. Instead, the focus of his retaliation and constructive discharge claim is on the conduct of Douglas Riseberg, who was Plaintiff's direct manager employed by Oracle *in Boston, Massachusetts*. *See, e.g.*, SAC ¶¶ 14, 186-187, 192-195, 226-234, 272-274. The fact that Oracle is headquartered in California is simply not enough to apply California labor laws to a Canadian resident employed directly by a Canadian subsidiary.[6]

Second, Plaintiff's mere use of a server purportedly in California is not enough to show the applicability of California state laws. If it were, almost any employee elsewhere in the U.S. (or abroad like Plaintiff) could have a claim under California law no matter how remote their connection to California, simply by alleging that their employer had internet servers in the state. Moreover, while Plaintiff attempts to distinguish the *Weinberg* case cited by Defendants, the facts from that case are directly on point. There, the plaintiff also alleged contacts with California because his work affected California servers and databases. Such allegations, however, were held

---

[6] Plaintiff also claims that Oracle admitted to employing individuals in Canada to work in the U.S. in the *Sullivan* case and attached a stipulation of facts Oracle submitted in that case. This is yet another irrelevant distraction. This stipulation for a wage and hour case from 2006 has no bearing on the claims or defenses at issue, especially because it involved "Instructors" at Oracle who physically worked in California for entire workdays; Plaintiff does not and cannot allege that he physically worked in California at any time. *See generally,* SAC. Plaintiff has not cited, and Defendants have not found, any cases holding allowing an individual to bring claims under California's labor laws without working in California. Moreover, unlike the plaintiffs in *Sullivan*, Plaintiff pursued his wage and hour claims under Canadian law. *See* Bouchard Decl., Ex. 4.

to be insufficient to apply California law to an Arizona employee, and the Court should reach the same holding here where Plaintiff's connections to California are non-existent. *Weinberg v. Valeant Pharm. Int'l*, 2017 WL 6543822, at *5 (C.D. Cal. Aug. 10, 2017).

**3. Plaintiff's allegations do not establish that he suffered a domestic injury as required by the Supreme Court for his RICO claims.**

Plaintiff does not dispute that to assert a claim under Section 1964(c) of the RICO statute, he must allege a domestic injury to his business or property. Plaintiff also acknowledges or does not dispute the cases cited by Defendant, which held that a RICO claim is domestic if it involves an injury to tangible property located in the U.S. or an intangible injury sustained in the U.S. Defs' Br. at 10-11. And with regard to intangible injuries in particular, courts have consistently held that such injuries are sustained by plaintiffs at their "residence." Defs' Br. at 11 (quoting *Armada (Singapore) PTE Ltd. v. Amcol Int'l Corp.*, 885 F.3d 1090, 1094 (7th Cir. 2018), and citing courts in the Ninth Circuit following *Armada*'s analysis).

Ignoring this case law, Plaintiff alleges that, even though he has resided in Canada at all relevant times, he suffered an intangible domestic injury that was "'felt' in the United States where his business reputation and his projects and customers resided." Pl's Br. at 13. This argument is nonsense. The gravamen of Plaintiff's RICO claims is his allegation that he was constructively discharged for raising concerns about unlawful conduct by Oracle. Plaintiff does not allege in the SAC that Defendants Harris and Merrell (the only remaining RICO defendants) made statements to disparage him or took any actions specifically for the purpose of harming his "reputation" anywhere, let alone in the U.S. In fact, Plaintiff acknowledges that Defendants did not even terminate his employment; he resigned to "tackle other challenges." *See* September 29, 2017, Resignation Letter, referred to as "PEX 80" in the SAC, Bouchard Decl., Ex. 5. Moreover, public records of his so-called "business" in the U.S. shows that the corporation Plaintiff formed (1st Daramola Decl. ¶ 9) has been under a "Void, AR's or Tax Delinquent" status since March 1, 2003 – over 13 years before he began working for Oracle Canada. *See* Dkt. 48. Thus, when he resigned he had no "business presence" that could be damaged.

In a feeble attempt to resuscitate his theory of an amorphous injury to his "reputation" or

1  "business presence" in the U.S., Plaintiff cites to several cases that did not even involve RICO
2  claims.  *See* Pl's Br. at 13, n.5 (citing *Lang, Deutsche, Baena, Kamel, Bombardier*, none of which
3  dealt with RICO).  Plaintiff also cites a number of opinions that are clearly distinguishable or
4  actually support Defendants' position.  Pl's Br. at 13.  Specifically, Plaintiff cites *Elsevier*, but in
5  that case, the court held that an economic injury is "felt" in "the state of a plaintiff's residence,"
6  which would be Canada for Plaintiff.  2017 WL 1843298 at * 5; *see also Armada*, 885 F.3d at
7  1094 (which Plaintiff also cites while ignoring the opinion's key holding that the place of a
8  plaintiff's residence is where intangible injuries are felt).[7]  And in *Akishev*, the RICO claims
9  concerned a website selling cars in the U.S. to plaintiffs who lived abroad. 2016 WL 7165714 at
10 *1-3.  The court held that the plaintiffs suffered a domestic injury because they traveled to the
11 U.S. to pick up the cars they purchased, only to find that they were defrauded.  Similarly, in
12 *Tatung*, the court held that the injury occurred in California because it concerned a California
13 arbitration award that plaintiff sought to enforce. 217 F. Supp. 3d 1138 at 1140-45.  Here, Plaintiff
14 does not have any property or rights in the U.S. that were lost or defrauded.

### B. Plaintiff Has Failed to Allege Facts That Establish a RICO Cause of Action.

16 Defendants also asserted that Plaintiff's RICO claims fail because: (1) his alleged injury
17 was not caused by the alleged predicate acts; (2) he has not plausibly pled a predicate act of
18 criminal witness tampering under 18 U.S.C. § 1512(b)(3); and (3) his RICO conspiracy claim
19 fails because his underlying RICO claims are not viable.  Defendants cited to several opinions,
20 including from the Supreme Court and Ninth Circuit, to support their position.  Plaintiff ignores
21 these opinions because he has no answer for them.

#### 1. Plaintiff lacks standing to assert RICO claims because his alleged injury was not caused by the alleged predicate acts.

24 In the Opening Brief, Defendants noted how the Ninth Circuit acknowledged that "[a]ll of
25 the circuit courts that have considered this issue have held that an employee who is wrongfully
26 discharged for refusing to participate in an alleged pattern of racketeering activity lacks standing

---

[7] Plaintiff's citation to *Dandong*, also supports Defendants' position.  There, the court dismissed the RICO claims because the plaintiff failed to allege a domestic injury. 2017 WL 3328239 at *3.

1   to sue under § 1962(c)." *Reddy*, 912 F.2d at 294; Defs' Br. at 12 (citing opinions consistent with
2   *Reddy*, including *Cullom*, 859 F.2d 1211, where the court dismissed the RICO claim of an
3   employee who also alleged constructive discharge for reporting fraud, holding that "[w]histle
4   blowers do not have standing to sue under RICO for the injury caused by the loss of their job").
5   Implicit in *Reddy* is the acknowledgement that RICO is primarily a *criminal* law that is not
6   intended to protect whistleblowers – many other laws already serve that purpose, as evidenced by
7   Plaintiff bringing several causes of action in this case based on the same allegations.

8         Plaintiff does not and cannot address those opinions; thus, this argument should be
9   considered as conceded. *See Qureshi v. Countrywide Home Loans, Inc.*, No. 09–4198, 2010 WL
10  841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address, in an
11  opposition brief, claims challenged in a motion to dismiss, an "abandonment of those
12  claims"); *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 10–4414, 2011 WL 589955, at *1
13  (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to
14  an argument put forward in an opening brief constitutes waiver or abandonment in regard to the
15  uncontested issue."). The only case he cites in support of his causation argument is *Anza v. Ideal
16  Steel Supply Corp.*, 547 U.S. 451 (2006), which did not concern a RICO claim brought by an
17  employee whistleblower (the plaintiff was a business entity), and in which the Supreme Court
18  held that the plaintiff must demonstrate a "direct causal connection" between the alleged injury
19  and the predicate acts. *Id.* at 460. Like all of the other purported employee whistleblowers in the
20  cases discussed above whose RICO claims were dismissed, Plaintiff's allegations cannot establish
21  such direct causation. Thus, Plaintiff's RICO claim should be dismissed for this reason as well.

22        **2.    Plaintiff has failed to allege a plausible RICO claim predicated on a
23              pattern of witness tampering under 18 U.S.C. § 1512(b)(3).**

24        Defendants established Plaintiff's RICO claim predicated on a pattern of witness
25  tampering fails because his allegations fall well short of *criminal* witness tampering under 18
26  U.S.C. § 1512(b)(3). Defs' Br. at 13-14. Plaintiff's Opposition does not cite to any case law
27  demonstrating that his allegations are sufficient to establish Defendants engaged in criminal
28  witness tampering, nor can he. His allegations simply describe mundane facts from an internal

1  employment investigation.  Moreover, Plaintiff's Opposition does not dispute that none of the
2  Defendants were aware that Plaintiff intended to or had reported his concerns to the SEC.
3  Without such knowledge, a witness tampering claim cannot prevail.

### 3. Plaintiff's RICO conspiracy claim under § 1962(d) should be dismissed because he has failed to plead a viable RICO claim under § 1964(c).

Finally, as Plaintiff has not adequately alleged a claim under Section 1964(c), Plaintiff cannot allege a RICO conspiracy claim under Section 1962(d).  *Beck v. Prupis*, 529 U.S. 494, 506 (2000).  Plaintiff's Opposition does not dispute the holding in *Beck*, nor does he set forth any opposition to support his conspiracy claim.  *See Qureshi*, 2010 WL 841669, at *6 n. 2.  Thus, there should be no dispute that Plaintiff's RICO conspiracy claims fails as well.

### C. Discovery Is Not Necessary And The SAC Should Be Dismissed With Prejudice Because Plaintiff Does Not Allege Plausible Claims.

Plaintiff asserts that discovery is necessary to answer questions such as "the center where decisions were made that initiated the wire fraud," and that he should be permitted to amend the Complaint again after such discovery.  Implicit in this request is Plaintiff's acknowledgment that the SAC does not plead plausible claims and that he needs discovery to amend the Complaint yet again.  But Plaintiff has already received discovery for jurisdictional purposes, and he has amended his Complaint twice.  He should not be permitted to pursue yet another fishing expedition to amend the Complaint again.[8]  Defendants' Opening Brief established that even assuming all of Plaintiff's allegations in the SAC are true, his claims fail as a matter of law based on clear precedent from the Supreme Court, the Ninth Circuit, the ARB, and several other jurisdictions.  The time is ripe to decide Defendants' motion to dismiss.

## III. CONCLUSION

For the reasons stated herein and further detailed in the Oracle Defendants' Motion to Dismiss, the SAC should be dismissed in its entirety with prejudice.

---

[8] Plaintiff contends that Defendants are pursuing a Rule 12(c) motion because they referenced exhibits attached to the Bouchard Declaration.  This is meritless.  The Bouchard Declaration simply attaches documents referenced in the SAC and produced to Oracle by Plaintiff.  Such documents are permissible for consideration on a Rule 12(b)(6) motion.  *See* Defs' Br. at 4-5.


| | |
|---|---|
| Dated: October 7, 2021 | Respectfully submitted,<br><br>MORGAN, LEWIS & BOCKIUS LLP<br><br>By  /s/ *Marina Gruber*<br>     Marina C. Gruber<br>     Sarah E. Bouchard<br>     Eric C. Kim<br><br>*Attorneys for Defendants*<br>ORACLE AMERICA, INC., DOUGLAS HARRIS, and PATRICK MERELL |